## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. *06-155* |
| | : | |
| v. | : | |
| | : | Plea Proceedings:        , 2006 |
| | : | |
| HAN ZHUANG | : | **FILED** |
| | : | |
| | : | AUG 1 0 2006 |
| Defendant. | : | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### STATEMENT OF THE OFFENSE

Had this case proceeded to trial, the United States of America would have established the following facts beyond a reasonable doubt:

At all times material to the information, the defendant was the owner and manager of all employees of LAI WHOLESALE, also known as ANA WHOLESALE, at 1335-1337 4th Street, NE, Washington, D.C. Defendant received the net profits from the business and was responsible for paying the employees and arranging for inventory. The defendant knew, as part of the store's business, that his wife and other employees were engaged in the commercial sale of counterfeit products to members of the public. The defendant arranged for the supply of the counterfeit products sold by his wife and other employees.

**A) April 25, 2005, Undercover Purchase**

On April 25, 2005, an undercover purchase of infringing trademarked goods including twenty-one (21) handbags, nine (9) wallets, seven (7) clips and two (2) belts, was made using $310.00 in pre-recorded FBI funds. During this transaction, an undercover MPD officer entered the premises known as "LAI WHOLESALE", also known as "ANA WHOLESALE", located at

1335-1337 4th Street, NE, Washington, D.C. and spoke to the defendant's wife, Lan Ma and another employee about purchasing counterfeit handbags. The employee said the store had all kinds of purses, referring to counterfeit purses, naming Gucci, Coach, Burberry, and Prada. The undercover officer noticed purses bearing what appeared to be counterfeit trademarks in boxes along both sides of the aisle along with other apparel also bearing what appeared to be counterfeit trademarks including belts, scarves, glasses and sports team hats. Employees guided the undercover officer to the different counterfeit goods for sale including counterfeit Burberry products located for sale in the back of the store. The undercover officer purchased from the defendant's wife, Lan Ma, counterfeit items including seven Prada handbags; six Coach handbags; four Burberry handbags; five Burberry wallets; four Coach Wallets; four Gucci handbags; two Coach belts; five Burberry clips; two Prada clips; and four Coach hats. The undercover officer asked Lan Ma if they had any trademark symbols. Lan Ma said they did and produced a plastic bag from behind the counter which contained Burberry and Prada trademarks which can be affixed to purses. Lan Ma then described and demonstrated how the symbols could be affixed to a purse. Your affiant purchased a number of the symbols which Lan Ma and the employees affixed to five additional purses.

**B) May 12, 2005, Undercover Purchase**

On May 12, 2005, an undercover purchase of infringing trademarked goods including twelve (12) handbags, one (1) wallet, ten (10) labels, and ten (10) clips, was made to an undercover officer, using $200.00 in pre-recorded FBI funds. During this transaction, an undercover MPD officer again entered the premises known as "LAI WHOLESALE", also known as "ANA WHOLESALE", located at 1335-1337 4th Street, NE, Washington, D.C. and spoke to

2

employees about purchasing counterfeit goods. The undercover officer looked through several handbags marked with counterfeit trademarks of Gucci and Coach. After a few minutes, in response to a request to purchase Burberry purses, an employee took the undercover officer to the store room located in the back of the store. During the negotiation, an employee told the undercover officer that the counterfeit Burberry was kept in the back to avoid seizure by the police. At the front counter, an employee provided the undercover officer with 10 Burberry and 10 Prada labels which can be affixed to generic purses and then sold as trademark products.

**C) November 2, 2005, Undercover Purchase**

On November 2, 2005, an undercover purchase of infringing trademarked goods including seven (7) handbags, and nine (9) wallets was made using $181.00 in pre-recorded FBI funds. During this transaction, an undercover MPD officer again entered the premises known as "LAI WHOLESALE", also known as "ANA WHOLESALE", located at 1335-1337 4th Street, NE, Washington, D.C. and spoke to employees about purchasing counterfeit goods. During the transaction, Lan Ma then came to during the sale of the counterfeit goods as the undercover officer selected for purchase three Burberry wallets; one Prada wallet; one Gucci wallet; four Coach wallets; six Coach handbags; and one Fendi handbag. Your affiant took the items to the front counter, paid Lan Ma $181, using an FBI credit card, and received a receipt.

**D) November 10, 2005, Search Warrant Executions**

On November 10, 2005, investigators executed a federal search warrant upon the premises of the defendant's business, "LAI WHOLESALE", also known as "ANA WHOLESALE", located at 1335-1337 4th Street, NE, Washington, D.C. During the execution of the search warrant upon the premises of LAI WHOLESALE, agents seized counterfeit items

3

worth over $10,000 including counterfeit designer purses, designer wallets and counterfeit sports team products.

All items purchased during each undercover purchase and seized during the search warrant executions, described above, were inspected by industry experts who have received extensive training in the recognition of counterfeit goods from the manufacturers of trademarked goods, and who have experience assisting Federal and State law enforcement agencies in the detection of counterfeit goods. Each item described above as purchased by the undercover officer or seized during the search warrant executions was found to contain counterfeit marks on the work and/or the packaging sold with the work, that is, spurious marks that are unauthorized copies of marks registered on the principal register in the United States Patent and Trademark Office and are in use.

4

The total retail value of the authentic trademarked goods which were sold or intended for sale as infringing trademarked products by the defendant through his business, as described above, exceeded $10,000. During the period described above, the defendant knew that the distribution of infringing trademarked goods, as described above, was illegal.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
for the District of Columbia
D.C. Bar No. 451058

By:    _____

JOHN CARLIN
Assistant U.S. Attorney
Fraud and Public Corruption
Computer Hacking and Intellectual Property Unit
555 4th Street, N.W., Room 5235
Washington, D.C. 20530
202-353-2457

CORBIN A. WEISS
Senior Counsel, U.S. Department of Justice
Computer Crime & Intellectual Property Section

I declare under penalty of perjury that the foregoing is a true and accurate statement of facts, and has been interpreted by Judith Shapiro, Court Approved Interpreter.

_____

HAN ZHUANG,
Defendant

May /03/06

5