UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA           :

v.                                 :         CR. NO.  06-155-01 (ESH)

HAN ZHUANG                         :

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

  The defendant, having entered a plea of guilty to a charge of conspiring to infringe trademarks in connection with the sale of "designer" purses and wallets, in violation of 18 U.S.C. §371, 2320), will appear before this honorable court for sentencing on March 30, 2007. Counsel respectfully requests that the court consider the following memorandum in deciding the appropriate sentence.

  1. The court is well that Mr. Zhuang's case is one of a series of prosecutions brought by the government against a number of defendants who sold trademarked or copyrighted products.  Mr. Zhuang and his wife maintained a business in the 1300 block of Penn Street N.E.; that can be described as a wholesale market area in the northeast. Their store, like others in the area, sold a large number of "dry goods' items that included toys, towels, clothing, backpacks, nicknacks, and the "knock off" handbags and wallets that are the basis of this prosecution.  It is counsel's understanding that the defendant did not derive significant profit from the trademarked items. These items were "marked up" only a one or two dollars.  The criminal information illustrates the relatively low cost at which the items were sold.  For example, 21 handbags, nine wallets and

1

other items were sold for a total of $310. The items were of relatively low quality and could not reasonably be mistaken for the originals which sell for as much as $700 each.[1] Similar items were sold by many of the store in the area and, at least for the defendant, their sale was a way of bringing customers into the store. A failure to sell these items would simply result in potential customers going elsewhere. Indeed, since these prosecutions were commenced, Zhuang and his wife have seen their business decline markedly. Customers are drawn to those businesses that still sell the prohibited items.

    2. Mr. Zhuang, while a U.S. citizen, has spent a good portion of the last several years in mainland China, where he supported his family through business that was conducted in that part of the world. The day to day operation of the store was the responsibility of his wife, who was initially arrested in the sting operation. It was Ms. Ma who was actually made the sales that are the subject of the overt acts in the charging document. Mr. Zhuang as a part owner of the owner of the business was well aware of the items being sold and participated in their purchase from a New York supplier. Since Ms. Ma was not a U.S. citizen, but merely a permanent resident (i.e. holder of a green card), a felony conviction would likely result in her deportation. For that reason, a plea bargain was negotiated that allowed the defendant to enter a guilty plea and resulted in all charges being dropped against Ms. Ma.

    3. Counsel believes that this is significant because it clearly demonstrates Mr. Zhuang's commitment to his family and his desire to keep the family intact. Given the family's precarious financial situation, the defendant's incarceration would threaten the family's ability to meet their mortgage and other debt obligations. The presentence report has portrayed a financial situation

---

[1] Apparently, a $700 price is not unusual for a "Coach" brand purse.

that can ill afford any interruption of income. Were the defendant to be incarcerated, the family might well be forced to send their seven year old daughter to live with relatives in China.

    4. The defendant has lived in this country since 1990. This case represents his first contact of any kind with the criminal justice system.

    5. This being said, the defendant is not unmindful that the sentencing guidelines place him in range where some incarceration is suggested. Nor is he unaware that other defendants in this case have been given jail sentences. Nevertheless, he believes that a probationary sentence, perhaps one with strict conditions, is appropriate in this case.

    6. While the government can hardly be expected to agree, recent developments have changed the legal landscape surrounding federal sentencing. The Supreme Court's recent decision in California v. Cunningham , 549 U.S._____ (2007), appears to foreshadow an ultimate conclusion that the guidelines are just *one* factor to be considered in the court's sentencing equation. Despite their past historic entrenchment in the criminal justice system, and the structure of the U.S. Probation Office which has become tied to the guidelines, it seems assured that when the legal dust clears, the guidelines will *have no greater weight* than any of the other factors enumerated in 18 U.S.S.G. §3553(a). The D.C. Circuit Court's recent decision in United States v. Pickett, App. No. 05-3179, 2/13/07) (while in the context of crack v. powder cocaine), clearly supports that notion. There, a unanimous panel took the view that the crack/powder ratio which has been imbedded in the guidelines -and has been virtually unassailable for almost 20 years- is subject to modification.

    7.Although the guidelines are one of the factors that must be considered by the court, see United States v. Coumaris, 399 F.3d 343 (D.C. Cir. 2005)*,* cited with approval in United States v.

Ventura, App. No. 05-3045 (D.C. Cir. 3/16/07), the finding of unconstitutionality in Booker v. United States, (citation omitted), in the defendant's view, prohibits that they be afforded *more* weight than other enumerated factors under the applicable statute, 18 U.S.S.G. §3553(a); and, from a mathematical perspective, the §3553 factors should substantially outweigh the guidelines calculation.  Significantly, counsel's statutory research indicated that the enactment of the Sentencing Reform Act of 1984, the statute that ushered in the guidelines, substantially modified §3553, but left intact §3553(a).  Consequently, the provision that the court must apply is the same provision that governed the period of broad discretion that sentencing judges enjoyed prior to the guidelines.

8. §3553(a) mandates that a court impose a sentence that *is sufficient, but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of the subsection. The court is then required to consider-

*(1) the nature and circumstances of the offense and the history and characteristics of the defendant;*

*(2) the need for the sentence imposed-*

*(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;*

*(B) to afford adequate deterrence to criminal conduct;*

*( C) to protect the public from further crimes of the defendant; and*

*(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

9. For the reasons that follow, the defendant believes that a probationary sentence,

perhaps one conditioned on a period of home confinement, would satisfy the statute and the interests of justice. As the presentence report states, the defendant has had no previous contact with the criminal justice system. Although the sale of cheap, imitation purses and wallets might have significance to Coach, Luis Vuitton, or Gucci, this is hardly an offense that cries out for retribution. The defendant understands that copyright and trademark infringement has significant economic effects, nevertheless he believes that his own limited role in this problem can be addressed proportionately.

10. With regard to deterrence, counsel wants the court to understand that in the 15 months that this case has been pending, it has threatened to result in the deportation of the defendant's wife and the separation of his family. The consequences of breaking the law have been driven home in no uncertain terms and Mr. Zhuang has lived with those consequences on a daily basis. As a man who has lived most of his life under an oppressive regime, the defendant is acutely aware of the consequences of breaking the law; and considers no law to be trivial. The court can be confident that any punishment or period of supervision will be taken seriously by Mr. Zhuang.

11. Additionally, counsel has noted that at least some of the court's previous sentences have included recommendations that the defendants be afforded work release by the Bureau of Prisons. This is simply not going to happen. Halfway house space is limited and the BOP utilizes that space for other purposes. If incarcerated, the defendant will lose any ability to work and his family will suffer the expected financial consequences.

12. Counsel believes that all of the purposes and goals of sentencing can be achieved through a probationary sentence. Given the nature of the offense and the defendant's personal and family situation, counsel believes that such a sentence is both just and reasonable.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this honorable court sentence him in the manner suggested.

Respectfully submitted,

_____
Edward C. Sussman No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2007, a copy of the foregoing was served electronically on Corbin Weiss, Esq., John Carlin, Esq, and USPO Kathy McGill.

_____
Edward C. Sussman