UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

       v.                               :          CR. NO. 06-155-01 (ESH)

HAN ZHUANG                        :

DEFENDANT'S REQUEST FOR APPROVAL OF FOREIGN TRAVEL

    Following his plea to one count of trademark infringement in violation of 18 U.S.C. §371, 2320), Mr. Zhuang was placed on two years probation. That probation, among other things, was conditioned on two months of home confinement, payment of a $2,000 fine and 50 hours of community service. The defendant, through counsel, now requests that he be permitted to travel to China for a period of approximately 45 days to pursue his livelihood.[1]

    1. As the court may recall, the defendant was prosecuted in connection with his sale of "knock off" designer purses from a store in northeast Washington, D.C. Mr. Zhuang, while clearly aware of what was being sold from the store, spent most of his working time in China where his ability to speak English allowed him to function as an intermediary in various business transactions. During the period prior to his sentencing, Mr. Zhuang had no release conditions and traveled to China on various occasions without incident.

    2, In order to support his family, the defendant now asks that the court approve his travel to China under conditions to be suggested below. Mr. Danny Thomas, his assigned probation

---

[1] The exact length of the trip might vary depending on airline fares and the defendant's business requirements.

officer has no objection to the granting of this request, and suggested that approaching the court, rather than going through the administrative procedures, required by the probation office, would be a more efficient way of handling the matter.  Mr. Thomas has represented to counsel that the defendant spent two months on electronic home monitoring without any violation whatsoever, has paid his fine in full, as well as the $100 assessment, and is in the process of working on fulfilling his community service requirement..

    3.  While the court did not place travel restrictions on the defendant following completion of his home confinement, Mr. Zhuang would seek court permission to travel to China within the next few weeks for a period of approximately 45 days.   Because of the expense of the trip, shorter trips are financially prohibitive.  As a condition of approved travel, Mr. Zhuang would prove the probation office with his date of departure, date of return, an address where he will be residing in China, and a phone number at which he can be reached.

    4. The economic viability of the defendant's family is dependent on Mr. Zhuang being able to make such trips.  The store operated by his wife no longer brings in enough revenue to make ends meet.  The defendant believes that approval of his travel request will pose no impediment to his probation and, by providing financial stability, actually serve to make it more successful.

    WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this honorable court approve his travel request.

        Respectfully submitted,


_____/s/_____
Edward C. Sussman No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110


CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2007 a copy of the foregoing was served electronically on all interested parties and on Danny Thomas, U.S. Probation Officer by facsimile.


_____/s/_____
Edward C. Sussman